Craig J. MARQUART, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 66813.

Missouri Court of Appeals, Eastern District, Division One.

April 11, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Bradley H. Lockenvitz, Linn, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue, State of Missouri ("Director"), appeals from an order of the Gasconade County Circuit Court denying Director's motion to dismiss and reinstating the driving privileges of respondent, Craig J. Marquart ("licensee"). We reverse and remand for dismissal.

Licensee was arrested for driving while intoxicated on December 5, 1993, and issued a notice of suspension of his driver's license for driving with an excessive blood alcohol concentration ("BAC") in violation of RSMo § 302.505.[1] Licensee filed a timely request for an administrative hearing pursuant to RSMo § 302.530.[2] A hearing was scheduled

---

1. All statutory references are to RSMo (1994), unless otherwise indicated.

2. RSMo § 302.530.1 states in pertinent part:

Any person who has received a notice of suspension or revocation may make a request within fifteen days of receipt of the notice for a

for February 9, 1994, in Hermann City Hall. No hearing was held on that date, however, due to weather conditions; licensee was given prior notice of this possibility by the hearing officer.

A new hearing was set for April 27, 1994, at the same location. Notice of the new hearing was sent to licensee on April 7. Neither licensee nor his counsel appeared at the hearing. The Administrative Hearing Officer entered a default judgment against licensee and sustained the suspension of his license.

Licensee filed a petition for review in circuit court on May 25, 1994, pursuant to RSMo § 302.535.[3] Director filed a motion to dismiss, asserting the circuit court lacked jurisdiction over the petition due to licensee's failure to exhaust the administrative remedies available under RSMo § 302.530.

On September 2, 1994, the circuit court denied Director's motion to dismiss, ruling that RSMo § 302.530 only required a request for a hearing, not attendance at the hearing. Because Director produced no evidence on the merits of the action—whether there was probable cause to believe licensee was driving with excessive BAC—the court reversed the Administrative Hearing Officer's order and reinstated licensee's driving privileges. Director appeals.

■ For her sole point on appeal, Director contends the circuit court lacked subject matter jurisdiction over the petition for review due to licensee's failure to exhaust his administrative remedies. Director argues licensee's request for an administrative hearing was not enough to exhaust the administrative remedies available under RSMo § 302.530. According to Director, licensee was required to "pursue his administrative remedies to their appropriate conclusion"—that is, appear at the hearing on April 27, 1994. We agree.

■ Generally, before a party can seek a court's jurisdiction, he or she must have exhausted all available administrative remedies. *Marsala v. Director of Revenue*, 793 S.W.2d 492, 495 (Mo.App.E.D.1990). RSMo §§ 302.500—.540 provides an orderly procedure for review of license suspension cases, wherein an administrative hearing is conducted by the Department of Revenue prior to a trial de novo in circuit court. *Jenkins v. Director of Revenue*, 858 S.W.2d 257, 260 (Mo.App.W.D.1993). The Western District has stated:

> Under this statutory scheme, an administrative hearing must have been requested and held by an agency with the authority to do so and an adverse decision issued before a petition for trial de novo can be granted.

*Id.* Failure to timely request an administrative hearing deprives the trial court of subject matter jurisdiction over the petition for review and renders any action taken by the court null and void. *Darr v. Director of Revenue*, 877 S.W.2d 697, 699 (Mo.App.E.D. 1994).

Here, licensee timely requested an administrative hearing. The circuit court found licensee had met the statutory requirements for seeking judicial review of Director's actions by requesting a hearing, and therefore exhausted the applicable administrative remedies despite his failure to appear. However, we believe that merely requiring licensee to request a hearing, without requiring licensee to actually attend the hearing, contradicts the purposes for the judicial doctrine of exhaustion.

■ Exhaustion is generally required as a means to prevent premature interference with agency process, to afford the parties

review of the department's determination at a hearing.

3. RSMo § 302.535.1 states in pertinent part:
Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo.

and the courts the benefit of the agency's experience and expertise, and to allow the agency an opportunity to correct its own errors. *Bd. of Reg. for Healing Arts v. Hartenbach,* 768 S.W.2d 657, 659 (Mo.App. E.D.1989). As a practical matter of judicial economy, the complaining party may be successful at the administrative level; if so, the courts may never have to intervene. *McKart v. United States,* 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969). Further, permitting "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Id.*

The exhaustion doctrine "does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention." *Aircraft & D. Equipment Corp. v. Hirsch,* 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796 (1947). Courts in other jurisdictions have ruled that the mere invocation of an administrative appeal, followed by an unexcused failure to appear at the hearing, "amounts to a failure to exhaust administrative remedies and is fatal to that party's judicial appeal." *Mullenaux v. State, By and Through Or., etc.,* 293 Or. 536, 651 P.2d 724, 727 n. 2 (1982). The Oregon Supreme Court has stated:

> A party does not exhaust his administrative remedies simply by stepping through the motions of the administrative processes without affording the agency an opportunity to rule on the substance of the dispute. Exhaustion of administrative remedies is

not accomplished through the expedience of default.

*Mullenaux,* 651 P.2d at 727. *See also Curtis v. Schaffer,* 137 F.Supp. 683, 684 (S.D.N.Y. 1955); *Olinger v. Partridge,* 196 F.2d 986, 987 (9th Cir.1952); *City of Los Angeles v. California Towel & Linen Supply Co.,* 217 Cal.App.2d 410, 31 Cal.Rptr. 832, 838–840 (1963).

Here, affirming the circuit court's decision would effectively allow licensees to bypass administrative review of the suspension or revocation of their licenses for driving while intoxicated, thereby rendering RSMo § 302.530 meaningless. If simply requesting an administrative hearing and sustaining a default exhausts the administrative remedy provided pursuant to RSMo § 302.530, the effectiveness of the Department of Revenue will be weakened as licensees pay lip service to its administrative procedures but avoid review on the merits. Further, Director will be deprived of an opportunity to correct her own errors.

In light of the policies underlying the exhaustion doctrine, we believe RSMo § 302.530 requires more than a mere request for a hearing. A licensee seeking to challenge revocation or suspension of his or her driving privileges must appear at the hearing to address the merits of action taken by the Department of Revenue. Otherwise, the licensee fails to exhaust his or her administrative remedies, and the circuit court lacks subject matter jurisdiction to hear a petition for review.[4] Director's point on appeal is granted.

Based on the foregoing, we reverse the order of the circuit court and remand with directions that licensee's petition for trial de

---

**4.** We have affirmed reinstatement of a licensee's driving privileges by the circuit court despite the licensee's failure to appear at the administrative hearing. *See Marsala,* 793 S.W.2d at 495. In that case, however, Director failed to properly follow his own administrative procedures in suspending the licensee's privileges: the licensee's first request for a hearing was improperly denied, and his second request for a hearing was not granted until nearly a month had passed, after the licensee had already sought judicial review. *Id.* at 493. We held Director could not complain of the licensee's failure to attend the hearing, when Director failed to follow the applicable administrative procedures. *Id.* Here, unlike *Marsala,* Director granted licensee's request for a hearing, followed proper procedures, and gave timely notice of the rescheduled hearing. Licensee had no valid reason for failing to appear at the April 27, 1993 hearing.

novo be dismissed for lack of subject matter jurisdiction.[5]

REINHARD, P.J., and CRAHAN, J., concur.

---

5. Licensee presents a second argument in his brief, alleging that the relief requested by Director would result in a double jeopardy violation. Although a respondent may attack erroneous rulings of the trial court in order to sustain a judgment in his or her favor, our review is generally limited to the contentions made by the appellant. *Omaha Indem. Co. v. Pall, Inc.,* 817 S.W.2d 491, 499 (Mo.App.E.D.1991). Here, licensee is attacking the relief sought by Director, rather than alleging error on the circuit court's part. Licensee's double jeopardy claim is not properly before us and is therefore denied.