Patrick W. **DOODY,** Respondent,

v.

**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT,** Appellant,

Lea Ann Derry, Defendant.

No. WD 55293.

Missouri Court of Appeals, Western District.

May 11, 1999.

**564**

Spencer E. Williams, Government Counsel, Jefferson City, for Appellant.

David E. Bailey, Clinton, for Respondent.

Before: LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

The Missouri Department of Social Services, Division of Child Support Enforcement ("Division") appeals from the circuit court's order denying the Division's motion to dismiss, setting aside the Division's child support modification order, and modifying the original child support order. The Division raises three points on appeal. The first point on appeal is that the trial court erred in denying the Division's motion to dismiss Respondent Patrick W. Doody's petition for judicial review for lack of subject matter jurisdiction because Doody's failure to appear at the administrative hearing constitutes a failure to exhaust administrative remedies. The second point on appeal is that the trial court erred in allowing Doody to testify and introduce evidence at the hearing because § 536.140 [1] allows a reviewing court in a judicial review to consider only the case upon the petition and filed record. The third point on appeal is that the trial court erred in setting aside the administrative modification of Doody's child support amount because the Division was within its jurisdiction, supported by competent and substantial evidence, and was not arbitrary, capricious or unreasonable considering the evidence and all reasonable inferences in a light most favorable to the Division's findings.

We reverse and remand.

**Facts**

On March 15, 1994, the Circuit Court of Vernon County entered a finding of paternity and order of child support establishing that Patrick Doody is the natural father of Levi Coe Derry. Doody was ordered to pay $100.00 per month in child support to the custodial parent, Lea Ann Derry. On March 6, 1997, the Division completed a motion to modify, proposing to increase Doody's child support obligation to $426.00 per month. The Division mailed the motion to modify to Doody's address. On March 31, 1997, Doody requested an administrative hearing. On May 31, 1997, the Division sent Doody notice that an administrative hearing was scheduled for July 18, 1997.

On July 18, 1997, at 2:00 p.m., the administrative hearing officer unsuccessfully attempted to reach Doody by telephone. The decision of the Division notes that notice of the hearing was mailed to Doody's last known address and was not returned as undeliverable. The hearing officer reviewed evidence presented by the child support technician. The hearing offi-

---

1. All statutory references are to RSMo Supp. 1997.

cer completed a Form 14 in which Doody was determined to have a monthly income of $2,600.00, from which he was given adjustments of $300.00 for other child support payments he makes and $465.00 for other children in his primary physical custody, leaving Doody with an adjusted gross income of $1,835.00. Lea Ann Derry is an unemployed public assistance recipient and was imputed full-time minimum wage income of $823.00 per month, from which an adjustment of $110.00 was allowed for other children in her primary care. The Division calculated that the combined adjusted income was $2,548.00, leading to a presumed child support amount of $458.00 applying the schedule of basic child support obligations chart. Doody's proportionate share was calculated to be 72.02 percent, or $329.84, rounded to $330.00. The administrative decision and order was signed by the hearing officer on July 29, 1997.

Doody filed a petition for judicial review in the Circuit Court of Vernon County on September 4, 1997. The petition argued that the Division incorrectly calculated his income. The Division filed a motion to dismiss for failure to exhaust administrative remedies on September 24, 1997. The motion to dismiss argued that the circuit court lacked subject matter jurisdiction to hear Doody's petition due to his default at the administrative hearing. Vernon County Circuit Court Judge Gerald D. McBeth held a hearing on the motion to dismiss on October 14, 1997. Judge McBeth denied the Division's motion.

On November 12, 1997, Judge McBeth conducted a hearing on Doody's petition for judicial review. Judge McBeth ruled that the Division is not allowed to modify a judicial order. Over objections by the Division, Judge McBeth allowed Doody to testify and introduce his 1996 federal tax forms and a Form 14 into evidence. Judge McBeth refused to allow the Division to introduce the administrative record and refused to review that record.

Judge McBeth entered his judgment entry on November 25, 1997. The court held that Doody's child support should be increased from $100.00 to $197.20 per month. The court set aside the July 18, 1997 administrative order of the Division. The Division appeals from the judgment.

## Point I

The first point on appeal is that the trial court erred in denying the Division's motion to dismiss Doody's petition for judicial review. The Division contends that Doody's failure to appear at the administrative hearing constitutes a failure to exhaust administrative remedies, and therefore the trial court lacked subject matter jurisdiction to hear Doody's petition contesting the administrative motion to modify.

A trial court does not have subject matter jurisdiction in a case in which the party seeking judicial review has not exhausted all administrative remedies. *Lichtor v. Missouri Bd. of Registration for the Healing Arts*, 884 S.W.2d 49, 52 (Mo. App. W.D.1994). The purpose of exhaustion is to prevent premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review. *Boot Heel Nursing Center, Inc. v. Missouri Dept. of Social Services*, 826 S.W.2d 14, 16 (Mo.App. W.D. 1992).

Section 454.496.1 provides that after the entry of a court order for child support, the Division may file a motion to modify the court order after the Director of Child Support Enforcement ("Director") conducts a review and determines that modification is warranted under Rule 88.01. The motion to modify must be served on the parent. The parent then has thirty days to serve the moving party and the Director with a written response setting forth any objections to the motion and a request for

hearing. The hearing is conducted in accordance with § 454.475. Section 454.475.4 provides as follows:

> If the person who requests the hearing fails to appear at the time and place set for the hearing, upon a showing of proper notice to that parent, the hearing officer shall enter findings and order in accordance with the provisions of the notice and finding of support responsibility unless the hearing officer determines that no good cause therefor exists.

Section 454.475.1 provides that the hearing shall be conducted pursuant to chapter 536. Section 536.100 provides that "[a]ny person *who has exhausted all administrative remedies provided by law* and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute...." (Emphasis added.)

Section 454.496.6 provides as follows:

> Notwithstanding the provisions of section 454.490 to the contrary, an administrative order modifying a court order is not effective until the administrative order is filed with and approved by the court that entered the court order. The court may approve the administrative order if no party affected by the decision has filed a petition for judicial review pursuant to sections 536.100 to 536.140, RSMo. After the thirty-day time period for filing a petition of judicial review pursuant to chapter 536, RSMo, has passed, the court shall render its decision within fifteen days. If a petition for judicial review is filed, the court shall review all pleadings and the administrative record, as defined in section 536.130, RSMo, pursuant to section 536.140, RSMo. After such review, the court shall determine if the administrative order complies with section 452.340 and applicable supreme court rules. If it so determines, the court shall make a written finding on the record that the order

complies with section 452.340 and applicable supreme court rules and approve the order or, if after review pursuant to section 536.140, RSMo, the court finds that the administrative order does not comply with supreme court rule 88.01, the court may select any of the remedies set forth in subsection 5 of section 536.140, RSMo. The court shall notify the parties and the division of any setting pursuant to this section.

In *Marquart v. Director of Revenue*, 896 S.W.2d 716 (Mo.App. E.D.1995), a licensee was arrested for driving while intoxicated, and he was issued a notice of suspension of his driver's license. The licensee filed a timely request for an administrative hearing pursuant to § 302.530, but neither he nor his counsel appeared at the hearing, despite receiving notice of the hearing. *Marquart*, 896 S.W.2d at 717. The administrative hearing officer entered a default judgment against the licensee. *Id.* The licensee then filed a petition for judicial review in circuit court. *Id.* The Director of Revenue filed a motion to dismiss, asserting that the circuit court lacked jurisdiction over the petition due to the licensee's failure to exhaust the administrative remedies available under § 302.530. *Id.* The circuit court denied the motion to dismiss, ruling that § 302.530 required only a request for a hearing, not attendance at the hearing. *Id.* The Director of Revenue appealed from the circuit court's order reinstating the licensee's driving privileges, contending that the circuit court lacked subject matter jurisdiction over the petition for review due to the licensee's failure to exhaust his administrative remedies. *Id.* The Eastern District reversed the circuit court's order on the basis that the licensee's failure to appear at the administrative hearing constituted a failure to exhaust administrative remedies. *Id.* at 718–19. The court found that "merely requiring [the] licensee to request a hearing, without requiring [the] licensee to actually attend the hearing, contradicts the purposes for the judicial doctrine of exhaus-

tion." *Id.* at 717. The court found as follows:

Here, affirming the circuit court's decision would effectively allow licensees to bypass administrative review of the suspension or revocation of their licenses for driving while intoxicated, thereby rendering RSMo § 302.530 meaningless. If simply requesting an administrative hearing and sustaining a default exhausts the administrative remedy provided pursuant to RSMo § 302.530, the effectiveness of the Department of Revenue will be weakened as licensees pay lip service to its administrative procedures but avoid review on the merits. Further, Director will be deprived of an opportunity to correct her own errors.

*Id.* at 718.

■ *Marquart* obviously concerns a different administrative process than the one in the present case. However, we find that the reasoning of the Eastern District in *Marquart* applies to the case at bar. We find that merely requesting an administrative hearing pursuant to § 454.496.1 and sustaining a default without actually appearing at the hearing is contrary to the purposes of the exhaustion requirement as articulated in *Marquart*. Therefore, because Doody did not exhaust his administrative remedies, he did not file his petition for judicial review in accordance with § 454.496.6, and the circuit court erred in denying the Division's motion to dismiss for lack of subject matter jurisdiction.

Because our holding on Point I is dispositive, we do not address Points II and III.

The judgment of the trial court is reversed and remanded with directions that Doody's petition for judicial review be dismissed for lack of subject matter jurisdiction and that the court review the administrative order as though the petition for judicial review had not been filed.

All concur.