248

Derrick O. CARR, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. WD 59097.

Missouri Court of Appeals,
Western District.

June 29, 2001.

Robert J. Hiler, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Curtis F. Thompson, Jefferson City, for respondent.

Before THOMAS H. NEWTON, P.J., JOSEPH M. ELLIS, and RONALD R. HOLLIGER, JJ.

NEWTON, Judge.

Derrick Carr was arrested at 1:50 a.m. on April 21, 2000, for driving while intoxicated (DWI). After a field sobriety test, the arresting officer conducted a breath analyzer test, and the results showed a blood alcohol content of 0.106%. He was issued a notice of suspension of his driver's license on the same date. On April 24, 2000, Mr. Carr through his attorney, Mr. Robert Hiler, requested an "in person" administrative hearing in Independence, and notice was sent on May 19, 2000,

informing Mr. Carr of his hearing scheduled for June 6, 2000. On May 24, 2000, Mr. Hiler requested a continuance due to "a number of jury trials coming up on 6–5–00, in the [Circuit Court]." The request for continuance was granted, and notice was sent on June 30, 2000, notifying the parties that the cause was scheduled for 8:30 a.m. on July 19, 2000.

On July 6, 2000, Mr. Hiler made a request for a continuance, stating that he had a conflict with a murder trial he was defending. Mr. Hiler received a phone call from the docket clerk informing him that she could not continue the case, so he asked her "to indicate in their file, that in looking over the documents, they ruled against both of the Petitioner's [sic], so that a pleading could be filed in the Circuit Court where the parties were charged with a DWI...." [1] The hearing officer entered a default judgment against Mr. Carr when neither he nor his attorney appeared. Mr. Carr thereafter filed an application for a hearing in the Jackson County Circuit Court on August 9, 2000. After a hearing, the circuit court granted the Director's motion to dismiss on September 18, 2000, for lack of subject matter jurisdiction.

On appeal, Mr. Carr argues that § 302.530, in combination with § 302.535, empowers circuit courts with subject matter jurisdiction to hear appeals *de novo* of final administrative decisions suspending or revoking a person's driving privileges, in that the default judgment of July 19, 2000, was a final administrative decision from which there was no further administrative remedy and which could therefore

---

1. "Petitioner's" is in reference to Mr. Carr as well as Mr. Christopher Hiler. Mr. Robert Hiler also represented Christopher Hiler in *Hiler v. Director of Revenue,* 48 S.W.3d 683. He handled both cases simultaneously, seeking continuances for the same dates and for the same reasons. As such, when he spoke to the docket clerk, he spoke in reference to both Mr. Carr's and Mr. Hiler's cases. Further, arguments before the circuit court were made with regard to both Mr. Carr and Mr. Hiler.

be appealed *de novo* pursuant to §§ 302.530 and 302.535.

The appeal raises the same issues as discussed in *Christopher R. Hiler v. Director of Revenue,* 48 S.W.3d 683, decided this day. For reasons set forth in the accompanying opinion, we reverse the decision of the Jackson County Circuit Court and remand for proceedings not inconsistent with *Hiler v. Director of Revenue,* 48 S.W.3d 683.

JOSEPH M. ELLIS and RONALD R. HOLLIGER, JJ., concur.