Stephen M. COLEMAN,
et al., Appellants,

v.

MISSOURI SECRETARY OF STATE,
Commissioner of Securities,
Respondent.

No. WD 71390.

Missouri Court of Appeals,
Western District.

May 25, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 2010.

Larry D. Coleman, Raytown, MO, for appellants

J. Scott Stacey, Jefferson City, MO, for respondent.

Before Division One: KAREN KING MITCHELL, Presiding Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Stephen Coleman, Daedalus Capital, LLC, Chicken Little Fund Group, Daedalus Alpha, Inc., and Alpha Strategy Fund, L.P.[1] (collectively, "Coleman") appeal from the trial court's judgment dismissing their petition for review due to Coleman's failure to exhaust administrative remedies. Coleman claims that the trial court erred in: (1) holding that it lacked subject matter jurisdiction to determine the propriety of the "final order" entered by the Commissioner of Securities ("Commissioner"); (2) holding that Coleman failed to exhaust administrative remedies; and (3) failing to hold that the Commissioner failed to discharge his duties as required by law. We affirm.

### Factual and Procedural History[2]

On October 17, 2007, the Securities Division (the "Division") of the Office of Secretary of State filed a Petition for an Order to Cease and Desist, to Show Cause why Civil Penalties and Costs Should not be Imposed ("Petition"), and to refer the matter to the administrative hearing commis-

---

1. Stephen Coleman is the organizer and chief investment officer of Daedalus Capital, LLC. Coleman also organized Chicken Little Fund Group. Daedalus Capital, LLC was the controlling shareholder of Chicken Little Fund Group. Coleman later organized Daedalus Alpha Fund, Inc. of which he was the controlling shareholder. And, then Coleman organized Alpha Strategy Fund, L.P.

2. Due to Coleman's non-compliance with Rule 84.04, discussed, *infra*, the factual and procedural history is derived almost entirely from the supplemental legal file provided by the Commissioner.

sion for revocation of registration against Coleman individually, and two of the entities he controlled. The Petition alleged that Coleman violated multiple securities regulations in an effort to defraud.

On October 25, 2007, the Commissioner of Securities ("Commissioner") entered a corresponding Order that Coleman Cease and Desist and Show Cause why the Commissioner should not impose Civil Penalties and Costs ("Cease and Desist Order") against Coleman. The Cease and Desist Order informed Coleman that pursuant to sections 409.6–604(d) [3] and 409.4–412(c) of the Missouri Securities Act, the Commissioner would determine whether to grant the Division's Petition and to impose civil penalties in a Final Order *unless* Coleman requested a hearing and showed cause why penalties should not be imposed. Coleman also received a separate pleading entitled "Notice." In the Notice, Coleman was again informed of his right to request a hearing within thirty days. Although the legal file does not include a copy of Coleman's request for a hearing, it appears uncontested as evidenced by the parties' briefs that a timely request for a hearing was made by Coleman.

On January 17, 2008, a pre-hearing conference was held. Coleman appeared by counsel. Both Coleman and the Division requested that a preliminary date scheduled for the hearing requested by Coleman be continued to permit discovery. The hearing was continued to March 27, 2008. On March 26, 2008, the hearing was again continued, on the Division's request, to May 15, 2008. On May 13, 2008, the Commissioner ruled on various pending motions and once again continued the hearing to June 26, 2008. On June 17, 2008, the Division requested a continuance to complete additional discovery and to permit the Division to file an Amended Petition.

On June 25, 2008, the Commissioner continued the hearing to August 21, 2008. On July 25, 2008, the Division filed an Amended Petition adding two other entities Stephen Coleman controlled and adding additional counts.

On August 18, 2008, another pre-hearing conference was held. Coleman appeared by counsel. The hearing was once again continued to October 23, 2008. On August 27, 2008, the Commissioner entered an amended order ("Amended Cease and Desist Order"), which corresponded to the Division's Amended Petition. The Commissioner stated that all issues raised by the Amended Cease and Desist Order would be addressed at the hearing scheduled on October 23 and 24, 2008, and that if any party wished to do so, a separate hearing could be requested and would be thereafter scheduled.

On October 17, 2008, Coleman filed a motion to enforce discovery and a motion for continuance of the hearing. On October 21, 2008, the Division filed objections to both motions and a status conference was held. The hearing was again continued to December 1, 2008.

On November 13, 2008, Coleman sent a notice to take a deposition to the Division. Five days later, Coleman sent an email to the Division cancelling the deposition and stating that he was uncertain whether he would appear for the hearing. On November 19, 2008, a status conference was held to discuss Coleman's appearance at the hearing. On November 21, 2008, Coleman submitted a Notice of Withdrawal of Hearing Request ("Withdrawal Notice"). The Withdrawal Notice stated that Coleman and all of his related entities were "withdrawing their hearing request for the hearing currently set for December 1, 2008

---

**3.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

and December 2, 2008, owing to Fifth Amendment issues." As a result, the Commissioner did not conduct a hearing on December 1, 2008.

Although not included in the legal file, it appears the Division filed a Petition for Final Order on December 12, 2008. Though not entirely clear from the record, it appears the Petition for Final Order requested specific penalties against Coleman. On January 30, 2009, the Commissioner entered its Final Order to Cease and Desist and Order "Imposing Civil Penalties and Costs as to all Respondents" ("Final Order"). In the Final Order, the Commissioner found that Coleman did not submit a response to the Petition for Final Order. The Commissioner found that Coleman's withdrawal of a hearing request, coupled with the Petition for Final Order to which Coleman did not respond, eliminated the need for a hearing. The Final Order declared that the Cease and Desist Order and the Amended Cease and Desist Order were final. The Final Order also directed Coleman to pay certain penalties as had been specified in the Division's Petition for Final Order.

On February 25, 2009, Coleman filed a petition for review with the trial court. Coleman argued that the Commissioner failed to afford a hearing, that there was no factual or legal basis for the adjudication, that the Commissioner acted outside of his jurisdiction, and that he was denied due process. The Commissioner filed a motion to dismiss Coleman's petition for review. The trial court sustained the motion to dismiss. The trial court entered its Judgment dismissing Coleman's petition for review finding that it was without subject matter jurisdiction to entertain Coleman's petition for review because of Coleman's failure to exhaust administrative remedies.[4] Coleman appeals.

## Standard of Review

 Our review of the trial court's dismissal of a petition for lack of subject matter jurisdiction presents a question of law which is reviewed *de novo.* *Oanh Thile Huynh v. King,* 269 S.W.3d 540, 542 (Mo.App. W.D.2008). Our review of dismissal of a case for failure to state a claim upon which relief can be granted is also *de novo.* *Hamid v. Kansas City Club,* 293 S.W.3d 123, 125 (Mo.App. W.D.2009).

## Analysis

### Rule 84.04 violations

 Preliminarily, we note Coleman's brief is deficient in several respects. The legal file submitted by Coleman fails to include the Petition or the Amended Petition, the Petition for Final Order, the Cease and Desist Order, or the Amended Cease and Desist Order. Although the Commissioner submitted a supplemental legal file which contained some of these documents, Coleman's failure to provide this court with the documents necessary for appellate review is a basis for dismissal

---

4. The trial court's dismissal of Coleman's petition for review is more appropriately couched in terms of Coleman's failure to state a claim on which relief could be granted. *Ladd v. Mo. Bd. of Prob. & Parole,* 299 S.W.3d 33, 41–42 (Mo.App. W.D.2009). After our Supreme Court's decisions in *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), and *McCracken v. Wal–Mart Stores E., L.P.,* 298 S.W.3d 473 (Mo. banc 2009), the present dismissal is based on the trial court's lack of statutory or common law authority to grant relief in Coleman's particular case, rather than on a lack of subject matter jurisdiction to do so. The distinction is without a difference and has no impact on the result of Coleman's appeal as the issue of the trial court's authority to grant the relief requested by Coleman was clearly raised by the Commissioner and ruled by the trial court.

of his appeal. *Lewis v. Allstate Ins. Co.*, 131 S.W.3d 451, 453 (Mo.App. W.D.2004). "Rule 81.12(a) specifically requires the legal file to include 'the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal....'" *Id.* Coleman failed to satisfy his duty under Rule 81.12(c) to prepare and provide this court with an adequate legal file.

■ Coleman's statement of facts fails to comply with Rule 84.04(i), which requires that all statements of fact and argument shall have specific page references to the legal file. Coleman provides one cite to the legal file at the end of each paragraph. This is insufficient. The requirement that all statements of fact and argument in an appellate brief have specific page references to the legal file or the transcript is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record; to do so would effectively require the court to act as an advocate for the non-complying party. *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D. 2008).

Coleman's statement of facts is also grossly deficient as it fails to advise this court of any of the facts preceding the entry of the Final Order by the Commissioner, though one of Coleman's issues on appeal relates to whether the trial court erroneously dismissed Coleman's petition for review for failing to exhaust administrative remedies. Rule 84.04(c) requires a statement of facts to be a "fair and concise statement of the facts relevant to the questions presented for determination." But for the Commissioner's legal file, this court would have been completely unable to discern the factual and procedural history preceding the Commissioner's entry of the Final Order as to permit it to evaluate the merit of Coleman's claim of improper dismissal of his petition for review.

Coleman also fails to comply with Rule 84.04(d)(5), which provides that immediately following each point relied on, the appellant shall include a list of cases and the constitutional, statutory, and regulatory provisions or other authority principally relied on. In addition, Coleman fails to include a concise statement of the applicable standard of review in the argument portion of each claim of error as required by Rule 84.04(e). Further, Coleman fails to comply with Rule 84.04(h), which requires that Coleman's appendix contain the judgment in question, and which requires that the pages in the appendix be numbered consecutively beginning with page A1.

Finally, Coleman fails to comply with Rule 84.04(e) which requires that the argument be limited to those errors included in the point relied on. *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo.App. W.D. 2001). Coleman raises several issues in the argument portion of his brief that were not included in his point relied on. As such, the arguments have not been preserved for appellate review. These arguments include that: (1) the Final Order did not include findings of fact and conclusions of law per chapters 536 or 409 and was, therefore, a "void" order; (2) the Commissioner's determination that the Withdrawal Notice request coupled with the Petition for Final Order eliminated the need for hearing was improper; (3) section 536.100 affords an independent right to file a petition for review because the Final Order was void; and (4) the Commissioner violated section 536.070(4) which requires that all proceedings and hearings be suitably recorded and preserved.

Coleman's numerous material failures to comply with Rule 84.04 result in the preservation of nothing for appellate review. *Dewitt v. Mitchell,* 938 S.W.2d 305, 307 (Mo.App. W.D.1997). Coleman's failures to comply with Rule 84.04 would be a sufficient basis standing alone to dismiss this appeal. *Moreland v. Div. of Employment Sec.,* 273 S.W.3d 39, 41 (Mo.App. W.D.2008). However, we offer our analysis of the points raised on appeal *ex gratia,* excluding, however, any discussion of those issues raised in the argument portion of Coleman's brief but not adequately referenced in Coleman's points relied on.

### Points I and II

■ In Point I, Coleman makes the bare assertion that because sections 409.6–609(a) and 536.110.1 afforded him the right to *file* a petition for review in the trial court from the Final Order, the trial court was obliged to review the petition on the merits. In Point II, Coleman argues that the trial court erred in holding that Coleman failed to exhaust all administrative remedies because he was under no duty to *attend* a final hearing pursuant to Mo. Code Regs. Ann. tit. 15, section 30–55.060 (2010). Because the trial court never reached the merits of Coleman's petition for review because the trial court found Coleman failed to exhaust his administrative remedies, we will combine points one and two for discussion.

Section 409.6–609(a) provides:

Except as otherwise provided in this act, any interested person aggrieved by any order of the commissioner under any provision of this act, or by any refusal or failure of the commissioner to make an order pursuant to any of said provisions, shall be entitled to a hearing before the commissioner in accordance with the provisions of chapter 536, RSMo. *A final order issued by the commissioner under this act is subject to judicial review in accordance with the provisions of chapter 536, RSMo,* in the circuit court of Cole County.

(Emphasis added.) Section 536.110.1 provides that "[p]roceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of agency's final decision" as reflected in the record.

The Commissioner entered the Final Order. Coleman thus claims that he is absolutely entitled by section 409.6–609 and section 536.110.1 to file a petition for review of the Final Order in Cole County and to have that petition reviewed on the merits. Coleman's argument is defective in several respects. Section 536.110.1 speaks only of the right to *file* a petition for review, and is silent on the subject of the trial court's authority to act on the petition for review or to reach the merits of the petition for review. Though section 409.6–609 provides that a final order is *subject* to judicial review, it also expressly notes that the right of review must be *"in accordance with the provisions of chapter 536."* (Emphasis added.)

Section 536.100 provides that: "Any person *who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case,* whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof as provided in sections 536.100 to 536.410." (Emphasis added.) The right to file a petition for review described in Section 536.110.1 is thus constrained by the conditions to the right to file a petition for review described in section 536.100. Those conditions are clear: (1) exhaustion of all administrative remedies provided by law, and (2) being aggrieved by a final

decision in a contested contest.[5] Section 536.100; *see Kunzie v. City of Olivette*, 184 S.W.3d 570, 572 (Mo. banc 2006). Thus, if the trial court correctly concluded that Coleman failed to exhaust his administrative remedies, then the trial court correctly dismissed Coleman's petition for review, as Coleman would have failed to establish one of two conditions precedent to any right to seek judicial review of the Final Order.

▮ The exhaustion of administrative remedies doctrine has traditionally been characterized as a jurisdictional requirement. *King*, 269 S.W.3d at 544. As previously noted, however, the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of one's failure to exhaust administrative remedies. As a result of *Webb*, a trial court can no longer be said to lack subject matter jurisdiction over unexhausted claims, but rather should be said to lack authority to review those claims as a result of the statutory exhaustion requirement. *Alhalabi v. Mo. Dep't of Natural Res.*, 300 S.W.3d 518, 524 n. 1 (Mo.App. E.D.2009) (*citing Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)).

▮ The purpose of the exhaustion of remedies doctrine is to preserve the efficiency in the relationships between agencies and the courts. *Premium Standard Farms, Inc. v. Lincoln Twp.*, 946 S.W.2d 234, 237 (Mo. banc 1997). Agencies have a special expertise. *Id.* A factual record can be more fully developed by pursuing the designated channels for relief with the agency, or a matter may be resolved by the agency, rendering review by the court unnecessary. *Id.* In addition, the exhaustion of remedies doctrine is rooted in policy considerations designed to encourage agencies to correct their own errors and to compile the record for purposes of judicial review. *Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 352 (Mo. banc 1995).

In this case, section 409.6–604 provides: (a) If the commissioner determines that a person has engaged, is engaging, or is about to engage in an act, practice, or course of business constituting a violation of this act or a rule adopted or order issued under this act or that a person has materially aided, is materially aiding, or is about to materially aid an act, practice, or course of business constituting a violation of this act or a rule

---

**5.** Pursuant to section 536.100, the obligation to exhaust administrative remedies applies only to "contested cases." A "contested case" is defined by section 536.010(4) as "a proceeding before an agency in which legal rights, duties or privileges of specified parties are required by law to be determined after hearing." Section 409.6–604 requires a hearing upon request. If a hearing is requested, the Chapter 536 procedural formalities associated with adversarial proceedings (including a record and findings of fact and conclusions of law) are obligatory. Section 409.6–604(c). Though Coleman waived his right to a hearing by virtue of his Withdrawal Notice, that did not change the quality of this case from a contested to an uncontested case. *See State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356 (Mo. banc 1958) (case is contested where hearing is required of which a record must be

made unless waived); *Schlientz v. Rock Twp. Ambulance Dist.*, 146 S.W.3d 404, 405 (Mo. App. E.D.2004) (relevant inquiry is not whether a hearing is ultimately conducted but, rather, whether one was required). Certainly, Coleman has proceeded on the assumption that this was a contested case as he claims he was entitled to certain procedural protections associated with contested matters such as the taking of testimony under oath, a record, and findings of fact and conclusions of law. Conversely, Coleman does not contend that this was a non-contested matter requiring automatic *de novo* review of the merits of the Final Order pursuant to section 536.150.1. With rare exceptions, a party is held on appeal to the theory adopted below. *Kopper Kettle Rests., Inc. v. City of St. Robert*, 439 S.W.2d 1, 4 (Mo.App.1969).

adopted or order issued under this act, the commissioner may:

(1) Issue an order directing the person to cease and desist from engaging in the act, practice, or course of business or to take other action necessary or appropriate to comply with this act;

. . . .

(b) An order under subsection (a) is effective on the date of issuance. Upon issuance of the order, the commissioner shall promptly serve each person subject to the order with a copy of the order and a notice that the order has been entered. The order must include a statement whether the commissioner will seek a civil penalty or costs of the investigation, a statement of the reasons for the order, and *notice that, within fifteen days after receipt of a request in a record from the person, the matter will be scheduled for a hearing. If a person subject to the order does not request a hearing and none is ordered by the commissioner within thirty days after the date of service of the order, the order becomes final as to that person by operation of law. If a hearing is requested or ordered, the commissioner, after notice of and opportunity for hearing to each person subject to the order, may modify or vacate the order or extend it until final determination.*

(c) *If a hearing is requested or ordered pursuant to subsection (b), a hearing before the commissioner must be provided.* A final order may not be issued unless the commissioner makes findings of fact and conclusions of law in a record in accordance with the provisions of chapter 536, RSMo, and procedural rules promulgated by the commissioner. The final order may make final, vacate, or modify the order issued under subsection (a).

(Emphasis added.) Sections 409.6–604(a) and (b) thus permitted the Commissioner to issue the Cease and Desist Order and the Amended Cease and Desist Order. Section 409.6–604(b) permitted Coleman thirty days to request a hearing to address the issues raised by the Cease and Desist Order. Coleman was advised, however, that if no hearing was requested, the Cease and Desist Order would become final by operation of law.

Here, Coleman requested a hearing. Pursuant to section 409.6–604(c), because Coleman requested a hearing, the Commissioner was obliged to provide Coleman a hearing. A hearing was preliminarily scheduled, presumably within the fifteen days required by section 409.6–604(b). The hearing was thereafter continued numerous times to a final continued date of December 1, 2008.

On November 21, 2008, Coleman submitted the Withdrawal Notice and thus withdrew his request for a hearing. When the Division thereafter filed its Petition for Final Order outlining the specific penalties it sought for Coleman's various securities violations, Coleman did not respond. The Final Order was issued on January 30, 2009. The Commissioner noted Coleman's failure to respond to the Petition for Final Order and concluded the Withdrawal Notice and the unaddressed Petition for Final Order warranted the entry of the Final Order without a hearing.

The trial court found that Coleman's Withdrawal Notice and his failure to respond to the Petition for Final Order amounted to a failure to exhaust administrative remedies. The trial court relied on *Lewis v. Roskin,* 823 S.W.2d 152 (Mo.App. E.D.1992).

In *Lewis,* the Division of Child Support Enforcement ("DCSE") entered an administrative order on an existing order setting the child support amounts that Father was

required to pay. Father requested an administrative hearing to contest the administrative order. *Id.* at 153. On the date of the hearing, Father withdrew his request. *Id.* DCSE caused the administrative order to be docketed with the trial court. *Id.* Father filed a petition and motion to modify with the trial court. *Id.* Father sought a declaratory judgment from the trial court to declare that the administrative order was a judgment of the trial court and that he had right to a modification of the order. *Id.* The trial court dismissed Father's petition and motion due to Father's failure to exhaust all administrative remedies. *Id.* The Eastern District affirmed stating that "[i]t is well settled that administrative procedures must be exhausted before other relief may be granted." *Id.* at 154. The applicable statute provided that Father *may request a hearing.* *Id.* The Eastern District held that "Father requested a hearing, but on the date of the hearing he withdrew his request. Without the hearing, this court has no way of determining whether Father would have been limited in his defenses or if the limitation would have made the remedy inadequate." *Id.* The court concluded that Father's failure to follow all available administrative procedures for review was fatal. *Id.* The court further noted that Father's pleadings for declaratory judgment would have properly been before the trial court under a petition for judicial review of an administrative order, and the trial court could have heard his grievances had he pursued the proper process. *Id.*

*Lewis* has subsequently been relied on in other cases involving similar circumstances. *See State ex rel. State of Mich. v. Branch,* 929 S.W.2d 875, 881 (Mo.App. S.D.1996) (where Father failed to exhaust administrative remedies by failing to timely request an administrative hearing regarding his child support order); *Britz v. Reynolds,* 895 S.W.2d 645, 647–48 (Mo.

App. W.D.1995) (where Father had a hearing to contest order of child support arrearage, but he never sought judicial review and thus failed to exhaust administrative remedies).

Similarly, Coleman was permitted a hearing if he so desired. In the absence of a request for a hearing, the Commissioner was authorized to enter a final order without a hearing. Coleman requested, and then withdrew his request for, a hearing. By withdrawing his request for a hearing, Coleman deprived the Commissioner of an opportunity to employ the Commissioner's expertise to evaluate the merits of the Cease and Desist Order and the Amended Cease and Desist Order, and of an opportunity to evaluate Coleman's defenses. As was the outcome in *Lewis,* Coleman has failed to exhaust available procedures for administrative review. Coleman's withdrawal of his request for a hearing was qualitatively identical to never having requested a hearing in the first place. Thus, pursuant to section 409.6–604(b), the Commissioner was free to take action to enter the Final Order without conducting a hearing or otherwise complying with the requirements of section 409.6–604(c). That Final Order is not, however, subject to judicial review because Coleman failed to satisfy one of the express conditions precedent to his right to review specified in section 536.100–the exhaustion of all available administrative remedies.

■ Curiously, Coleman never squarely addresses his Withdrawal Notice. Instead of focusing on the fact the Withdrawal notice expressly withdrew his request for a hearing, Coleman craftily argues that because Mo.Code Regs. Ann. tit. 15, section 30–55.060 (2010) permitted, but did not require, him to ***attend*** a final hearing, that the trial court's finding that he failed to exhaust administrative remedies errone-

ously imposed an attendance obligation upon him inconsistent with the law. Coleman's argument is disingenuous and borders on frivolous. Coleman's argument presumes a hearing he could elect to attend was required. Here, no hearing was required, as the right to request a hearing, though exercised, was withdrawn. The right to attend (or to not attend) a hearing is immaterial when no hearing is required to be conducted.

Moreover, we disagree with Coleman's interpretation of Mo.Code Regs. Ann. tit. 15, section 30–55.060 (2010). That regulation provides, in relevant part, that: "[A]ll hearings shall be open to the public. All parties have a right to be present and to be represented by counsel, if they so desire." Even presuming the modifier "if they so desire" can be read to modify *both* a person's right to be present at a hearing *and* the right to be represented by counsel at a hearing, 15 C.S.R. 30–55.060 is silent with respect to the import of non-attendance on a subsequent determination of whether a party has exhausted administrative remedies. In *Marquart v. Director of Revenue*, 896 S.W.2d 716, 717 (Mo.App. E.D.1995), a party requested an administrative hearing but failed to appear. The court held that the failure to appear constituted a failure to exhaust administrative remedies, noting that merely requiring a request for a hearing, without thereafter requiring attendance, is contradictory to the doctrine of exhaustion. *Id.* at 717. The court noted that the exhaustion doctrine does not require the mere initiation of available procedures, but the exhaustion of those procedures. *Id.* at 718. The court reasoned:

> If simply requesting an administrative hearing and sustaining a default exhausts the administrative remedy ... the effectiveness of the Department of Revenue will be weakened as licensees pay lip service to its administrative procedures but avoid a review on the merits. Further, Director will be deprived of an opportunity to correct her own errors.

*Id.* at 718. *See also Doody v. State*, 993 S.W.2d 563 (Mo.App. W.D.1999) (Father failed to exhaust administrative remedies in proceeding to modify child support where Father requested hearing but failed to appear, noting that the purpose of exhaustion is to prevent premature interference with agency processes so that the agency may have the opportunity to correct its own errors and to compile an adequate record for judicial review).

█ Here, whether by virtue of Coleman's withdrawal of his request for a hearing, or by virtue of his failure to attend a hearing that was never conducted, Coleman failed to exhaust his available administrative remedies, and thus failed to satisfy a necessary precursor to the right to judicial review under section 536.100. This failing was not excused by Coleman's reliance on his assertion of the Fifth Amendment as the basis for his Withdrawal Notice. In an administrative proceeding, the invocation of the Fifth Amendment does not negate the requirement to exhaust administrative remedies. *See e.g., Johnson v. Mo. Bd. of Nursing Adm'rs*, 130 S.W.3d 619 (Mo.App. W.D.2004) (Johnson invoked her privilege against self-incrimination but appeared by counsel at disciplinary hearing). As in *Johnson*, Coleman could have attended the hearing he requested, and he could have invoked his privilege against self-incrimination. Though the invocation of the privilege may well have permitted a negative inference, the agency would nonetheless have been afforded the opportunity to develop a full record, and to make findings of fact and conclusions of law based on that record.

We conclude that Coleman failed to exhaust his administrative remedies when he withdrew his request for a hearing. His failure to exhaust administrative remedies prevents him from obtaining judicial review of the Final Order. The trial court thus lacked the authority to take any action on Coleman's petition for review other than to dismiss the petition for review. The trial court's judgment is affirmed. Points one and two are denied.

### Point III

In point three, Coleman asserts that the trial court erred in failing to find that the Commissioner failed to discharge his duties and that had the trial court reached the merits, it would have found that the Commissioner's decision was not supported by competent and substantial evidence or that it was erroneous. We need not address this point in light of our determination that the trial court properly dismissed Coleman's petition for review because Coleman failed to exhaust his administrative remedies. The trial court did not reach the merits of Coleman's petition for review because it lacked the authority to do so. It is axiomatic that a review of the merits is thus beyond the proper scope of this appeal.

### Conclusion

We affirm the trial court's judgment dismissing Coleman's petition for judicial review due to his failure to exhaust administrative remedies.[6]

All concur.

---

6. Commissioner filed a motion to dismiss this appeal based on Coleman's failure to exhaust administrative remedies. Given our Opinion, we need not rule on the Commissioner's Motion.