

# In the Missouri Court of Appeals
## Western District

JEWESTINE ROBINSON,  )
                        Respondent,  )
v.  )
                                           )  **WD77828**
STATE OF MISSOURI, DEPARTMENT  )
OF ECONOMIC DEVELOPMENT,  )      FILED:  September 8, 2015
                            Appellant.  )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JUSTINE E. DELMURO, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, VICTOR C. HOWARD AND CYNTHIA L. MARTIN, JUDGES

The Missouri Department of Economic Development ("DED") appeals from a judgment in favor of Jewestine Robinson on her claim of premises liability negligence. DED contends the circuit court erred in denying the motion for judgment notwithstanding the verdict because Robinson's claims were barred by the applicable five-year statute of limitations. For reasons explained in a Memorandum provided to the parties, we find no error and affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

On January 28, 2004, Jewestine Robinson was injured at a state employment office in Kansas City. After a recent snowstorm, water and ice accumulated in the building's entryway as a result of heavy pedestrian foot-traffic

in and out of the building.  Upon entering the building's foyer, Robinson slipped on the wet floor when she was stepping aside to allow others to exit the building.

Robinson filed a premises liability lawsuit against the Office of Administration ("OA") on January 8, 2009, within the five-year limitations period established by Section 516.120(4), RSMo.[1]  Robinson alleged that OA "owned, operated, or was otherwise responsible" for the area of the building where she slipped and fell.  OA filed a motion for summary judgment, denying any responsibility or control over the area in which Robinson was injured.  On February 25, 2013, the circuit court granted OA's motion for summary judgment, finding OA merely procured the lease of the building on behalf of various state agencies, including DED.  Thus, the court concluded that the day-to-day control over the premises was exercised by the various agency-occupants of the building, and not OA.

After summary judgment was granted, Robinson filed a motion for leave to amend her petition to substitute DED as a defendant in March 2013.  DED filed its suggestions in opposition, arguing that because four years had passed since the expiration of the statute of limitations period, Robinson's claims were time-barred.  DED further argued that Robinson's claims did not relate back to the time of her original petition pursuant to Rule 55.33(c).  The circuit court granted Robinson's

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

motion, finding that her claim against DED related back to the time of filing her petition against OA, rejecting DED's statute of limitations argument.[2]

Subsequently, DED filed an answer in which it generally alleged that "Plaintiff's claims are barred by the statute of limitations." DED also filed a motion for summary judgment, specifically setting forth its argument that Robinson's claims were time-barred and did not relate back. Robinson filed suggestions in opposition to DED's summary judgment motion, arguing that DED failed to properly plead its limitations defense. DED then filed a motion seeking leave of court to amend its answer. The court denied DED's summary judgment motion and did not allow DED to amend its answer.

At trial, the jury returned a verdict in favor of Robinson, awarding her $67,500 in damages. DED filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial, and again asserted that Robinson's claims were time-barred. The court denied the post-trial motion. DED appeals.

## STANDARD OF REVIEW

DED contends the circuit court erred in denying the motion for judgment notwithstanding the verdict because Robinson's claims were barred by the five-year statute of limitations in Section 516.120. The applicability of a statute of limitations to an action presents a question of law that we review *de novo*. *Warren*

---

[2] The court found that the requirements of Rule 55.33(c) were met in that OA and DED shared a sufficient identity of interest to allow Robinson's claims against DED to relate back to the filing of her original petition against OA.

*Cnty. Concrete, L.L.C. v. Peoples Bank & Trust Co.*, 340 S.W.3d 289, 290 (Mo. App. 2011).

**ANALYSIS**

In its sole point on appeal, DED argues that Robinson's claims are time-barred because she substituted DED as a defendant beyond the expiration of the statute of limitations. DED further argues that Robinson's claims against DED do not meet the notice requirement of Rule 55.33(c), and therefore do not relate back to the time of filing her original petition against OA.

In response, Robinson argues that DED waived the limitations defense by failing to properly plead it in its answer. Robinson argues that because the statute of limitations is an affirmative defense, DED was required to plead specific facts supporting its defense in accordance with Rule 55.08, but failed to do so. We agree.

Rule 55.08 requires a party to "set forth all applicable affirmative defenses," including the statute of limitations, in a responsive pleading. "A pleading that sets forth an affirmative defense . . . shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense . . ." Rule 55.08. Bare legal assertions, however, are insufficient to plead an affirmative defense. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 383 (Mo. banc 1993). " 'A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative

4

defense fails as a matter of law.' " *Echols v. City of Riverside*, 332 S.W.3d 207, 211 (Mo. App. 2010) (citation omitted).

Here, DED's answer alleged that "Plaintiff's claims are barred by the statute of limitations." There were no factual allegations accompanying this assertion. The allegation in DED's answer is a bare conclusory statement that "does not plead the specific facts required to support the affirmative defense [and thus] fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 38 (Mo. App. 2013) (citation omitted). Thus, DED's conclusory assertion of its limitations defense in its answer was insufficient to satisfy the requirements of Rule 55.08.

Notwithstanding the requirements of Rule 55.08, DED argues that "[t]he manner of raising [its affirmative defense] . . . does not matter" and that "there is nothing magic about an answer." Specifically, DED asserts that it was only required to raise its limitations defense "in a timely fashion." DED further argues that it sufficiently raised the defense by specifically alleging the necessary facts in its motion for summary judgment.

Our court has held that facts alleged in a motion for summary judgment cannot substitute for the responsive pleading requirements of Rule 55.08. In *Jones v. Landmark Leasing, Ltd.*, 957 S.W.2d 369, 375–76 (Mo. App. 1997), we rejected the argument that the detailed pleading of facts to support an affirmative defense in summary judgment pleadings can cure the failure to properly plead the defense in the answer. Our holding confirmed that any affirmative defense "***must***

5

be set forth in the defendant's answer." *Id.* at 375 (emphasis added).  Moreover, in *Chouteau Auto Mart, Inc. v. First Bank of Missouri*, 148 S.W.3d 17, 26 (Mo. App. 2004), we held that a defendant's attempt to raise its affirmative defense in summary judgment pleadings failed to satisfy the requirements of Rule 55.08, and did not operate to amend an earlier filed answer.

DED relies on *Salvation Army, Kansas v. Bank of Am.*, 435 S.W.3d 661 (Mo. App. 2014) to support its argument that the affirmative defense does not have to be pled in the defendant's answer.  However, in *Salvation Army*, the trial court had permitted the defendants to amend their pleadings in order to sufficiently raise the affirmative defense.  *Id.* at 667 (stating that the affirmative defense "*was* presented to the trial court in the form of a pleading to the trial court prior to final judgment").

DED further relies on *Rose v. City of Riverside*, 827 S.W.2d 737 (Mo. App. 1992) to support its argument that it sufficiently pled its limitations defense by raising it in a motion for summary judgment.  In *Rose*, the defendant filed a motion for summary judgment in which it raised an affirmative defense, despite failing to sufficiently plead it in an answer.  *Id.* at 738.  The trial court *granted* the defendant's motion for summary judgment on the basis of its limitations defense. *Id.*  In rejecting the plaintiff's argument that defendant waived its limitations defense, our court noted that if the case were remanded, the defendant would inevitably seek leave to amend its answer to sufficiently raise the affirmative defense.  *Id.* at 739.  In concluding that the statute of limitations would have applied to bar plaintiff's claims, we noted that "[i]t would be an abuse of discretion

to refuse to allow the [defendant] to amend its answer to include a statute of limitations defense" if the case were remanded. *Id.* Therefore remanding to the trial court to consider whether amendment would be permitted would serve no useful purpose. *Id.*

In this case, DED sought leave to amend its answer, and the circuit court denied the request. Rule 55.03 allows a defendant who fails to raise its affirmative defense in a responsive pleading to seek leave of the court to amend the pleadings. *Chouteau Auto Mart, Inc.*, 148 S.W.3d at 26. Although Rule 55.33(a) provides that leave "shall be freely given when justice so requires," such leave is not required. *Id.* The circuit court is vested with broad discretion to grant or deny leave to amend the pleadings. *Robinson v. City of Kansas City*, 451 S.W.3d 315, 319 (Mo. App. 2014). That decision "will not be disturbed absent an obvious and palpable abuse of discretion." *Id.* (citation omitted).

Acting within its discretion, the circuit court did not allow DED to amend its answer regarding the limitations defense.[3] Because DED has not challenged on appeal the denial of its motion for leave to amend its answer in this appeal, we need not consider whether the circuit court abused its discretion in this regard.

DED's conclusory assertion of the affirmative defense of the statute of limitations in its answer was insufficient to satisfy the requirements of Rule 55.08. Issues that are not properly raised in an answer are not preserved for determination

---

[3] The trial court could have found that allowing amendment of DED's answer would prejudice Robinson. *See Asmus v. Capital Region Family Practice*, 115 S.W.3d 427, 433 (Mo. App. 2003) (stating that "[t]he most frequent reason for denying leave to amend is that the opposing party will be prejudiced.").

7

in a lawsuit. *Green v. City of St. Louis*, 870 S.W.2d 794, 797 (Mo. banc 1994). Because DED's affirmative defense of the statute of limitations was not properly pled, the circuit court did not err in denying the motion for judgment notwithstanding the verdict. DED's point on appeal is denied.

### CONCLUSION

The circuit court's judgment is affirmed.

_____
Lisa White Hardwick, Judge


All Concur.