Lisa White Hardwick, Judge
Kristine Templeton appeals the circuit court's judgment declining to award her interest and late fees accrued prior to the date of the judgment on a promissory note executed by Scott Cambiano. The court determined that Templeton was not entitled to recover the interest and late fees because she failed to mitigate her damages. On appeal, Templeton contends the court erred by invoking the affirmative defense of failure to mitigate damages sua sponte because it could not raise a defense Cambiano, himself, had failed to assert in his responsive pleading. For reasons explained herein, we reverse and remand for modification of the judgment consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
On August 4, 2003, Cambiano executed a promissory note payable to Templeton. Cambiano then executed a second promissory note on February 19, 2005, in the amount of $49,600, made payable to Templeton over the course of forty-nine months. Based upon concerns with the second promissory note, Cambiano executed a third and final promissory note on December 18, 2005, made payable to Templeton. The language of the final note stated that it would supersede all prior promissory notes, but that any interest accrued on the February note would be carried over to *103 the final note. Templeton demanded Cambiano begin repayment on the final note, but Cambiano refused and failed to make a single payment.
On December 16, 2015, Templeton filed a petition on a promissory note in the circuit court. In her petition, Templeton alleged a claim of breach of contract on the promissory note or, in the alternative, a claim of unjust enrichment based on the loans encompassed by the final promissory note. Cambiano filed a responsive pleading in which he denied several of Templeton's allegations and asserted three affirmative defenses. Cambiano's affirmative defenses included: (1) Templeton failed to state a claim upon which relief could be granted; (2) Templeton never loaned $49,600 to Cambiano; and (3) if any money was given to Cambiano, he repaid Templeton with work done on the Templeton residence.
After a bench trial, the circuit court determined that Templeton had demonstrated all necessary elements for her claim of breach of a valid promissory note; thus, the court did not need to reach the claim of unjust enrichment. The court entered judgment for Templeton and required Cambiano to pay:
(1) $49,600.00 which reflects the total amount of principal due under the Note; (2) Plaintiff's attorneys' fees and costs, which shall be determined by the Court on motion of counsel, (3) together with interest at the contractual rate of 7% per annum on the unpaid balance due until this judgment satisfied in full[.]
However, the circuit court "decline[d] to award interest and late fees accrued to date as plaintiff failed to mitigate these damages by the delay in prosecuting this action for ten years."
On August 6, 2017, Templeton timely filed a motion to alter or amend the judgment. In that motion, Templeton averred that the failure to mitigate damages is an affirmative defense that Cambiano was required to raise in his responsive pleading to prevent waiver. Templeton further asserted that the court erred in raising the issue sua sponte after Cambiano failed to raise it himself. Consequently, Templeton requested that the court alter or amend its previous judgment to include the $75,927.12 in late fees and interest it had previously removed. Cambiano did not file a response to Templeton's motion to alter or amend the judgment. The circuit court did not rule on Templeton's motion. Therefore, the judgment became final on November 4, 2017. See Rule 81.05. Templeton appeals.
STANDARD OF REVIEW
In appeals arising from court-tried civil cases, we will affirm the circuit court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." White v. Dir. of Revenue , 321 S.W.3d 298, 307-08 (Mo. banc 2010) (citing Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ). The nature of our review is directed by a determination of whether the matter presented is a question of law or fact. Id. at 308. When an issue of fact is contested, we give deference to the circuit court's findings and determinations of credibility. Id. However, no such deference is given to the circuit court's determinations as to questions of law, which are reviewed by this court de novo. City of St. Joseph v. Vill. of Country Club , 163 S.W.3d 905, 907 (Mo. banc 2005).
ANALYSIS
In her sole point on appeal, Templeton asserts that the circuit court erred in raising the affirmative defense of failure to mitigate damages sua sponte.
*104 "An affirmative defense 'seeks to defeat or avoid a plaintiff's cause of action, and alleges that even if plaintiff's petition is true, plaintiff cannot prevail because there are additional facts that permit the defendant to avoid legal responsibility.' " Wilmes v. Consumers Oil Co. of Maryville , 473 S.W.3d 705, 716 (Mo App. 2015) (quoting City of Peculiar v. Effertz Bros. Inc. , 254 S.W.3d 51, 59 (Mo. App. 2008) ). There is no debate that the failure to mitigate damages is an affirmative defense. State v. Polley , 2 S.W.3d 887, 892 (Mo. App. 1999). In properly pleading an affirmative defense, the party shall include a "short and plain statement of the facts showing that [it] is entitled to the defense or avoidance." Rule 55.08. Failure to include an affirmative defense in the defendant's responsive pleading will constitute a waiver of that defense. Wilmes , 473 S.W.3d at 716.
An affirmative defense extinguished by waiver can still be raised if the defense is tried by express or implied consent of the parties. Echols v. City of Riverside , 332 S.W.3d 207, 211 (Mo. App 2010) ; see also Rule 55.33(b). However, the circuit court may not raise an extinguished affirmative defense sua sponte. Blue Ridge Ctr. Ltd. P'ship v. Zadeh , 943 S.W.2d 357, 359 (Mo. App. 1997) (error to raise, sua sponte , mitigation of damages as affirmative defense); see also Adams v. Inman , 892 S.W.2d 651, 653 (Mo. App. 1994) (error to dismiss claim against defendant on the basis of affirmative defenses not raised by defendant).
Here, Cambiano asserted three affirmative defenses or general factual avoidances, which include: (1) Templeton failed to state a claim upon which relief could be granted; (2) Templeton never loaned $49,600.00 to Cambiano; and (3) if any money was loaned, Cambiano repaid Templeton with work done on the Templeton residence. Nothing in Cambiano's pleading raises the affirmative defense of failure to mitigate damages. Further, the record does not demonstrate any factual basis upon which we could find that Templeton expressly or impliedly consented to the circuit court's consideration of the defaulted defense for failure to mitigate damages. As the defendant, Cambiano had the duty to raise Templeton's alleged failure to mitigate damages in his answer to Templeton's petition. See Blue Ridge , 943 S.W.2d at 359. Cambiano failed to raise the affirmative defense; consequently, Cambiano waived his ability to argue Templeton's failure to mitigate. The circuit court could not breathe life back into this extinguished claim sua sponte. See id.
Cambiano argues that we must affirm the judgment because the court could have applied the doctrine of laches in rendering its judgment. In support of that assertion, Cambiano states that "there is [a] doctrine which does not appear to necessarily be an affirmative defense, thereby not requiring a specific pleading-namely, laches." Therefore, Cambiano continues, the resulting judgment is correct and we are required to affirm the decision, even if the circuit court provided "a wrong or insufficient reason [for the judgment]." Rutherford v. Davis , 458 S.W.3d 456, 458-59 (Mo. App. 2015).
Cambiano is mistaken. Laches is a specifically enumerated affirmative defense in Rule 55.08, which states, "In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... laches ... and any other matter constituting an avoidance or affirmative defense." Even if we were to assume that laches was a proper defense to *105 Templeton's claims,[1] Cambiano still would have been required to raise that affirmative defense in his responsive pleading. He failed to do so; hence, the court could not have properly rendered judgment using that extinguished affirmative defense. See Blue Ridge , 943 S.W.2d at 359. Accordingly, the circuit court erred in raising the affirmative defense of failure to mitigate damages sua sponte. Templeton's point on appeal is granted.
CONCLUSION
We reverse and remand to the circuit court for modification of the July 7, 2017, judgment consistent with this opinion.
All Concur.

The doctrine of laches prescribes an equitable defense. Nw. Plaza, L.L.C. v. Michael-Glen, Inc. , 102 S.W.3d 552, 558 (Mo. App. 2003). As Templeton's claim is one of law, laches is not an applicable affirmative defense. UAW-CIO Local No. 31 Credit Union v. Royal Ins. Co., Ltd. , 594 S.W.2d 276, 281 (Mo. banc 1980).