

## Missouri Court of Appeals
### Southern District
### Division Two

| | |
|---|---|
| MELISSA MORELOCK, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. SD37022 |
| | ) |
| INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC., | ) FILED: September 13, 2021 |
| SIX CONTINENTS HOTELS, INC., | ) |
| MYER FAMILY HOTEL COMPANY and | ) |
| HOLIDAY HOSPITALITY FRANCHISING, LLC., | ) |
| | ) |
| Respondents. | ) |

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

### Honorable Jeffrey M. Merrell, Judge

### **REVERSED AND REMANDED**

This appeal arises from a lawsuit initiated by Melissa Morelock alleging various violations by her employers of the Missouri Human Rights Act ("MHRA"), s*ee* sections 213.010-.137.[1] The parties named as defendants by Morelock in her second amended petition—Intercontinental Hotels Group Resources, LLC ("IHGR"), Myer Family Hotel Company ("MFHC"), Six Continents Hotels, Inc. ("SCH"), and Holiday Hospitality Franchising, LLC ("HHF") (collectively referred to as "Defendants")—ultimately sought and were granted summary judgment in their favor. *See* Rule 74.04.[2] Morelock timely appeals the trial court's

---

[1] All statutory references are to RSMo (2016), as updated through RSMo Cum.Supp. 2017.
[2] All rule references are to Missouri Court Rules (2021).

judgment, raising five points. Determining that Morelock's first, second, and fourth points have merit, we reverse and remand.

## Factual and Procedural Background

In her second amended petition, Morelock generally alleges that she "was employed by Defendants from approximately May 17, 2017 through on or about July 13, 2018." Then, in four counts against Defendants, Morelock alleges that during said employment she was subjected to age discrimination, disability discrimination, a hostile working environment, and retaliation, all in violation of the MHRA ("counts 1 through 4").

After Morelock filed her second amended petition, Defendants filed a Rule 55.27 motion to dismiss ("motion to dismiss"). The motion to dismiss asserted various legal reasons that the second amended petition should be dismissed, including, *inter alia*, because "Plaintiff's claims against SCH, MFHC, and HHF[] are time-barred because they were not filed within 90 days of the administrative agency's issuance of the notice of right to sue"; "IHGR was not Plaintiff's employer nor does IHGR have any relationship to Plaintiff or her former employer"; and "Plaintiff failed to exhaust administrative remedies against IHGR …." The motion to dismiss included argument referencing legal authority and the contents of five evidentiary exhibits, which were attached to the motion.

Morelock moved to strike Defendants' motion to dismiss, asserting that the attached evidentiary exhibits converted it to a motion for summary judgment and that Defendants failed to follow the required summary judgment procedures under Rule 74.04. Following a hearing, the trial court issued relevant rulings as follows: "the Court, relying on Supreme Court Rules 55.27(b) and 74.04, will consider Defendants' Motion to Dismiss a Motion for Summary Judgment and order Defendant[s] to answer [Morelock]'s 2d Amended Petition within 20 days …."

2

Defendants timely filed answers to the second amended petition. As relevant here, those answers included denials of Morelock's allegations that she had been an employee of Defendants and affirmatively alleged that "Plaintiff's claims are barred by the applicable statute of limitations" and "Plaintiff failed to exhaust administrative remedies" (collectively referred to as the "affirmative defenses").

Defendants thereafter filed a "motion for summary judgment" on Morelock's second amended petition and a supporting statement of uncontroverted material facts ("SUMF") containing 15 numbered paragraphs of purported uncontroverted material facts. In their motion, Defendants asserted that they were entitled to summary judgment because:

> (1) Plaintiff's claims against SCH, MFHC, and HHFL are time-barred because they were not filed within 90 days of the administrative agency's issuance of the notice of right to sue; (2) IHGR was not Plaintiff's employer nor does IHGR have any relationship to Plaintiff or her former employer; (3) HHFL is not subject to the Missouri Human Rights Act ("MHRA") because HHFL has no employees and is thus not an employer as defined by the MHRA; (4) Plaintiff failed to exhaust administrative remedies against IHGR, SCH, and HHFL; and (5) finally, even if the Court finds that Plaintiff's claims against SCH, MFHC, and HHFL were timely, that IHGR is a proper party, and that HHFL is subject to the MHRA, Plaintiff's claims still must fail because she has not adequately plead a cognizable cause of action under the MHRA.

> The 15 numbered paragraphs in Defendants' SUMF asserted:

> 1. Plaintiff Melissa Morelock ("Plaintiff") filed a Petition for Damages on April 2, 2019, against IHGR.

> 2. Plaintiff filed an Amended Petition for Damages on April 2, 2019, against IHGR.

> 3. All of the claims asserted in the Petition for Damages and the Amended Petition for Damages are brought under the Missouri Human Rights Act ("MHRA").

> 4. Plaintiff filed a Second Amended Petition for Damages on June 17, 2019, without seeking leave of the Court.

3

5. The Second Amended Petition for Damages asserts the same causes of action under the MHRA as the Amended Petition for Damages and adds three new defendants: SCH, MFHC, and HHFL.

6. The Missouri Commission on Human Rights issued a Right to Sue letter to Plaintiff on January 2, 2019, on Plaintiff's Charge numbered E-07/18-49682.

7. MFHC was Plaintiff's employer.

8. MFHC and HHFL are parties to a license agreement whereby HHFL grants MFHC a limited license to use HHFL's registered trademarks in operating a hotel.

9. Neither SCH nor IHGR is a party to the License Agreement, nor does either entity have a contractual relationship with MFHC.

10. IHGR has no responsibility for operating or maintaining the hotel where Plaintiff was employed, has no employees at the location, has no control over the employee policies or practices of the hotel, and has no ownership interest in or financial control over the hotel.

11. Prior to Plaintiff filing the Second Amended Petition for Damages, counsel for Defendants provided counsel for Plaintiff with a copy of the Affidavit of Jenny Tidwell on May 22, 2019, in order to provide Plaintiff an opportunity to substitute the correct employer defendant.

12. Plaintiff's Charge of Discrimination filed on July 2, 2018, names "Holiday Inn Express" at "2801 Green Mountain Dr., Branson, MO 65618" and "Daniel Harding" and "Rhonda Merrimann" as the Defendants. The Charge of Discrimination is numbered E-07/18-49682.

13. Plaintiff's Charge of Discrimination does not name IHGR, SHC, or HHFL.

14. HHFL has no employees nor has it employed any person for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

15. Plaintiff Melissa Morelock's pay stubs and tax documents were issued by Defendant [MFHC].

(Specific references to supporting documents omitted.)

Thereafter, Morelock filed motions to strike the portions of Defendants' answers and motion for summary judgment regarding the affirmative defenses. Morelock argued that the defenses in question were not properly pleaded as they contained no allegations of fact and failed to cite the statutory sections on which they relied. Defendants did not seek leave to amend their

4

answers but, rather, filed a reply in support of their motion for summary judgment in which they argued that they raised and set forth the facts in support of their affirmative defenses in their motion to dismiss and attached memorandum.

Following a hearing, the trial court ultimately granted Defendants' motion for summary judgment. The legal bases for summary judgment, as described by the trial court in its judgment, were threefold: (1) "[s]ummary judgment is appropriate as to the claims against IHGR because it was not [Morelock]'s employer …"; (2) "because [Morelock] failed to exhaust administrative remedies against IHGR"; and (3) "[t]he claims against SCH, MFHC, and HHF are time barred under the applicable statute of limitations …."

This appeal timely follows. Points 1, 2, and 4, each of which separately challenges respectively the trial court's three bases for summary judgment, are dispositive. For ease of analysis, we discuss points 2 and 4 together.

### Standard of Review

The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law.

*Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011) (internal citations omitted).

### Discussion

### *Point 1 – IHGR Failed to Establish Prima Facie Showing of Right to Judgment as a Matter of Law on Counts 1 through 4*

In her first point, Morelock challenges the trial court's first legal basis for summary judgment—"[s]ummary judgment is appropriate as to the claims against IHGR because it was

5

not [Morelock]'s employer ...." Morelock argues that this legal basis fails because Defendants' SUMF failed to make the prima facie showing necessary to support it. We agree.

The legal authority upon which Morelock's counts 1 through 4 are premised is found within the following statutory framework:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual:

(a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

(b) To limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability[.]

Section 213.055.

Rule 74.04 establishes the boundaries of summary judgment. The following principles are relevant:

- Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.

- Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record.

- Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.*

- To come full circle, summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone.*

***Jones v. Union Pac. R.R. Co.***, 508 S.W.3d 159, 161 (Mo. App. 2016) (footnote references and internal quotation marks omitted).

6

In their motion for summary judgment, Defendants claimed that IHGR had a right to judgment as a matter of law because, among other reasons, "IHGR was not Plaintiff's employer nor does IHGR have any relationship to Plaintiff or her former employer[.]" In making this claim, Defendants implicitly concede that whether IHGR was Morelock's employer as alleged in the second amended petition was material to IHGR's right to judgment as a matter of law.

In their response to point 1, Defendants proffer several arguments in which they attempt to show that IHGR was *not* Morelock's employer. First, although Defendants do not specifically mention or cite to paragraphs 7 and 15 of their SUMF, they tacitly invoke those allegations by arguing that "MFHC employed Morelock from approximately June 2017 until July 2018" and "[i]f Morelock was uncertain of the name of her employer, she could have looked at her pay stubs and tax documents, which identified MFHC." Defendants then proceed to quote and rely on the allegations found in paragraph10 of their SUMF that "IHGR has no responsibility for operating or maintaining the hotel where Plaintiff was employed, has no employees at the location, has no control over the employee policies or practices of the hotel, and has no ownership interest in or financial control over the hotel." Finally, Defendants argue that "Morelock wholly ignores the affidavits presented as evidence to support IHGR's factual statements in support of IHGR's Motion for Summary Judgment."

Defendants' arguments fail for two reasons. First, none of the paragraphs in Defendants' SUMF, including paragraphs 7, 10, and 15, contain any factual allegation that IHGR was *not* Morelock's employer *during* May 17, 2017, through July 13, 2018, the relevant period of time alleged in the second amended petition. While paragraphs 7 and 15 make general allegations regarding Morelock's past employment, they do not refer in any way to IHGR, let alone address whether it was Morelock's employer (stating, respectively, only that "*MFHC* was Plaintiff's

7

employer" and "Plaintiff Melissa Morelock's pay stubs and tax documents were issued by Defendant [*MFHC*]" (emphasis added)).  And while paragraph 10 makes allegations regarding IHGR and "the hotel where Plaintiff was employed," none of those allegations address anything regarding IHGR and Morelock during the relevant timeframe of May 17, 2017, through July 13, 2018 (stating that "IHGR *has* no responsibility for operating or maintaining the hotel where Plaintiff was employed, *has* no employees at the location, *has* no control over the employee policies or practices of the hotel, and *has* no ownership interest in or financial control over the hotel" (emphasis added)).

At best, these paragraphs support only an inference favorable to IHGR that it was not Morelock's employer during the relevant timeframe alleged in the petition.  However, "in reviewing a motion for summary judgment, the opposite inference is required: 'the Court will review the record in the light most favorable to the party against whom judgment was entered.'" ***Rice v. Shelter Mut. Ins. Co.***, 595 S.W.3d 537, 542 (Mo. App. 2020) (quoting ***ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993)); *see also* ***Harpagon MO, LLC v. Bosch***, 370 S.W.3d 579, 582 (Mo. banc 2012) (stating that in reviewing grant of summary judgment "[a]ll reasonable inferences are drawn in favor of the non-movant").

Second, Defendants are required to make a prima facie showing of a right to judgment as a matter of law based upon their asserted uncontroverted material facts in their Rule 74.04(c) numbered paragraphs in their SUMF.  *See* ***Sloan v. Farm Bureau Town & Country Ins. Co.***, 601 S.W.3d 314, 319 (Mo. App. 2020); ***Rice***, 595 S.W.3d at 542; ***Jones***, 508 S.W.3d at 161. Any evidentiary facts contained in an affidavit attached to the SUMF, to the extent those facts are not otherwise expressly stated in the SUMF, therefore, are not relevant to our Rule 74.04

8

analysis as to whether Defendants made a prima facie showing of a right to judgment. Contrary to Defendants' assertion, evidentiary facts not included in the SUMF should be ignored.

In sum, Defendants' Rule 74.04(c)(1) numbered paragraphs in their SUMF fail to support a prima facie showing of IHGR's right to judgment as a matter of law on the issue of whether it was Morelock's employer as was alleged in Morelock's petition. Summary judgment on this basis, therefore, was erroneous. Point 1 is granted.

### Points 2 and 4 – Defendants Failed to Properly Plead the Affirmative Defenses

In her second and fourth points, Morelock challenges, respectively, the trial court's second and third legal bases for summary judgment—"because [Morelock] failed to exhaust administrative remedies against IHGR" and "[t]he claims against SCH, MFHC, and HHF are time barred under the applicable statute of limitations …." Morelock argues that neither of the affirmative defenses was properly pleaded by Defendants and, therefore, that neither one can support summary judgment. Again, we agree.

"In pleading to a preceding pleading, a party *shall* set forth all applicable affirmative defenses and avoidances, including *but not limited to* … statute of limitations …." Rule 55.08 (emphasis added). "Missouri is a fact-pleading state." *Whipple v. Allen*, 324 S.W.3d 447, 449 (Mo.App. 2010). Accordingly, "[a] pleading that sets forth an affirmative defense or avoidance *shall contain a short and plain statement of the facts* showing that the pleader is entitled to the defense or avoidance." Rule 55.08 (emphasis added). "A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Robinson v. State Department of Economic Development*, 469 S.W.3d 866, 869 (Mo.App. 2015) (internal quotation marks omitted); *see, e.g.*, *Bateman v. Platte County*, 363

9

S.W.3d 39, 42 (Mo. banc 2012) (internal quotation marks omitted) (A general reference to 'the statute of limitations' does not satisfy the necessity of pleading the particular provision relied upon.). A trial court errs as a matter of law when it grants summary judgment on the basis of an affirmative defense that was not properly pleaded. *See, e.g.*, **Ditto, Inc. v. Davids**, 457 S.W.3d 1, 17 (Mo.App. 2014).

Here, Defendants' answers to Morelock's second amended petition alleged that "Plaintiff's claims are barred by the applicable statute of limitations" and "Plaintiff failed to exhaust administrative remedies." On appeal, Defendants neither claim nor argue that they properly pleaded in their answers the affirmative defenses but, instead, reassert and stand on their argument proffered in the proceedings below that their motion to dismiss and supporting memorandum properly preserved the affirmative defenses under Rule 55.27(a). That argument is not correct.

Rule 55.27(a) provides that "[e]very defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall* be asserted in the responsive pleading thereto if one is required …." (Emphasis added.) Rule 55.27(a) then enumerates eleven defenses that "*may* at the option of the pleader be made by motion":

> (1) Lack of jurisdiction over the subject matter,
> (2) Lack of jurisdiction over the person,
> (3) That plaintiff does not have legal capacity to sue,
> (4) Insufficiency of process,
> (5) Insufficiency of service of process,
> (6) Failure to state a claim upon which relief can be granted,
> (7) Failure to join a party under rule 52.04,
> (8) That plaintiff should furnish security for costs,
> (9) That there is another action pending between the same parties for the same cause in this state,
> (10) That several claims have been improperly united, [and]
> (11) That the counterclaim or cross-claim is one which cannot be properly interposed in this action.

(Emphasis added.)

10

With regard to the statute of limitations defense, Defendants do not cite, nor could they cite, *any* enumerated defense in Rule 55.27(a) as support for the argument that limitations may be raised by motion. Defendants' argument as to a statute of limitations affirmative defense, therefore, fails.

With regard to the failure to exhaust administrative remedies defense, Defendants attempt to brand it as a subject-matter-jurisdiction claim under Rule 55.27(a)(1). In support, Defendants cite ***Mohamed Alhalabi v. Mo. Dep't of Natural Res.***, 300 S.W.3d 518, 524 (Mo.App. 2009), for the proposition that, in a civil action under the MHRA, "[i]f all administrative remedies have not been exhausted, the circuit court lacks subject matter jurisdiction to judicially review the administrative decision." This argument fails because it ignores our supreme court's opinion in ***J.C.W. ex rel. Webb v. Wyciskalla***, 275 S.W.3d 249, 253-54 (Mo. banc 2009), which held that, under the state's constitution, Missouri trial courts have subject matter jurisdiction over all cases, civil and criminal.

Following ***Webb***, "the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of one's failure to exhaust administrative remedies." ***Coleman v. Mo. Sec'y of State***, 313 S.W.3d 148, 154 (Mo.App. 2010). "[A] trial court can no longer be said to lack subject matter jurisdiction over unexhausted claims, but rather should be said to lack authority to review those claims as a result of the statutory exhaustion requirement." ***Id.***

The case ***McDonald v. Chamber of Commerce***, 581 S.W.3d 110 (Mo.App. 2019), is directly on point. In ***McDonald***, a motion to dismiss a MHRA petition, which the trial court granted, alleged that the plaintiff had failed to plead that she had received a right-to-sue letter from the Missouri Commission on Human Rights and, therefore, she had failed to exhaust her administrative remedies and the trial court lacked subject matter jurisdiction. ***Id.*** at 112-13. The

Western District of this Court disagreed, however, stating the following: "Statutory prerequisites to suit are *not elements* to a lawsuit; they are *affirmative defenses* thereto, subject to waiver. As such, statutory prerequisites to suit are *not* jurisdictional pleading requirements, at least not since the *Webb* ruling." *Id.* at 116. The Court went on to hold that the issuance of a right-to-sue letter is a statutory prerequisite that "has no impact on the circuit court's subject matter jurisdiction, it is not an element of an age discrimination claim pursuant to the MHRA, *and it is not a defense pursuant to Rule 55.27(a) that may be raised by [a] motion to dismiss*." *Id.* at 118 (emphasis added).

In sum, the affirmative defenses at issue are *not* defenses that may be raised by motion. *See* Rule 55.27(a); ***McDonald***, 581 S.W.3d at 118. As such, these affirmative defenses, if asserted, must be raised in responsive pleadings. *See* Rules 55.08 and 55.27(a). Here, however, Defendants' answer to Morelock's second amended petition—the operative responsive pleading—failed as a matter of law to plead the affirmative defenses. *See* ***Bateman***, 363 S.W.3d at 42. Moreover, even though Morelock raised specific objections citing these deficiencies, Defendants did not seek leave from the trial court to amend their answers, but rather, chose to stand on them as filed. Because the affirmative defenses pleaded in Defendants' answers fail as a matter of law, the trial court erred in granting summary judgment in favor of Defendants on those legal bases. *See* ***Ditto, Inc.***, 457 S.W.3d at 17. Points 2 and 4 are granted.

### Decision

The trial court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[3]

---

[3] Because Morelock's third and fifth points also challenge the trial court's summary judgment, the resolution of those points are moot in light of our disposition of Morelock's first, second, and fourth points. *See* ***State v. Kinkead***, 983 S.W.2d 518, 520 (Mo. banc 1998) ("Issues that are not essential to a disposition of the case should not be addressed.").

GARY W. LYNCH, C.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. – CONCURS