

# Missouri Court of Appeals
## Southern District

### In Division

JANETTE WHITLOW,                      )
                                      )
      Appellant,                  )
                                      )  No. SD38745
  v.                                )
                                      )  **Filed:  May 15, 2025**
CURTIS WHITLOW, TWAJANA MOSS,          )
and TAMMY HENRY,                       )
                                      )
      Respondents.                )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura Johnson, Judge

## VACATED AND REMANDED

Before Burrell, J., Goodman, J., and Hamner, J.

PER CURIAM.  The trial court concluded Janette Whitlow's unjust enrichment claim was time-barred by expiration of the applicable statute of limitations and accordingly entered summary judgment in Respondents' favor.  We must reverse that judgment because Respondents did not raise a statute of limitations affirmative defense in their answer to Mrs. Whitlow's second amended petition as required by Rule 55.08.[1]

---

[1] Rule references are to Missouri Court Rules (2024).

## Background[2]

The Whitlow family acquired real estate (the "Farm") in August of 1993. Henry "Hank" Whitlow, the husband of Appellant Mrs. Whitlow, negotiated the acquisition. Mr. and Mrs. Whitlow pledged certificates of deposit ("CDs") as collateral for a loan used to acquire the Farm, and they made payments on that loan from 1993 to 2017. The deed transferring ownership of the Farm names Whitlow family members as joint tenants with right of survivorship and not as tenants in common. However, Mrs. Whitlow's name is not among those listed on that deed.

Mr. Whitlow passed away intestate in September of 2017. Two years and two lawsuits later, courts had itemized Mr. Whitlow's property and had determined his heirs, had found that Respondents[3] were the lawful owners of the Farm, and had found that Mrs. Whitlow had been unlawfully occupying her longtime home on the Farm.

Mrs. Whitlow then filed the suit that gave rise to this appeal, claiming Respondents were unjustly enriched by her pledge of CDs as collateral for the loan to acquire the Farm and by payments she and Mr. Whitlow made on that loan. Respondents moved for and were granted summary judgment based on the affirmative defense of the expiration of the statute of limitations, which was raised for the first time in their summary judgment motion. Despite briefing deficiencies, we understand one of Mrs. Whitlow's points relied on to be a challenge to the propriety of summary judgment because the trial court erred in applying the statute of limitations.

---

[2] We present this background so the reader will have a factual context for the parties' dispute and our resolution of the claim of error on appeal. While our recitation is based on undisputed facts in the summary judgment record, the inclusion or exclusion of any fact in this background section should not be taken as conclusive or determinative of any fact issue on remand.

[3] Respondents are the surviving adult children of Henry and Janette Whitlow.

**Legal Principles**

"The propriety of summary judgment is purely an issue of law." *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Whether a statute of limitations was applied correctly also is a question of law we review de novo. *Aldridge v. Hoskin*, 645 S.W.3d 101, 103 (Mo.App. S.D. 2022).

Summary judgment is "an extreme and drastic remedy" to be exercised with great care. *ITT Com. Fin. Corp.*, 854 S.W.2d at 377 (quoting *Cooper v. Finke*, 376 S.W.2d 225, 229 (Mo. 1964), *as modified* (Mar. 9, 1964)). When the moving party is defending against a claim, summary judgment is appropriate on that claim if, as relevant here, "there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's *properly-pleaded* affirmative defense." *Id.* at 381 (second emphasis added). Expiration of the applicable statute of limitations is "an affirmative defense that 'seeks to defeat or avoid a plaintiff's cause of action, and alleges that even if plaintiff's petition is true, plaintiff cannot prevail because there are additional facts that permit the defendant to avoid legal responsibility.'" *Charles v. Oak Park Neighborhood Ass'n*, 685 S.W.3d 519, 529 (Mo.App. W.D. 2023) (quoting *Templeton v. Cambiano*, 558 S.W.3d 101, 104 (Mo. App. W.D. 2018)). "The *defendant* bears the burden of establishing that the statute of limitations bars the plaintiff's claim." *Id.*

Because Missouri is a fact-pleading state, the parties' pleadings play a greater role than they do in a notice-pleading system. *ITT Com. Fin. Corp.*, 854 S.W.2d at 379-80. "Invocation of a statute of limitations is an affirmative defense that ordinarily must be raised in a responsive pleading and proven with evidence." *Aldridge*, 645 S.W.3d at 103. "Rule 55.08 requires 'all

3

applicable affirmative defenses' to be raised in response to a preceding pleading." ***Giudicy v. Mercy Hosps. E. Cmties.***, 645 S.W.3d 492, 500 (Mo. banc 2022) (quoting Rule 55.08). "Statute of limitations" is among the affirmative defenses expressly included in Rule 55.08, which "further details the manner in which the defense must be raised, noting '[a] pleading that sets forth an affirmative defense . . . shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense.'" ***Id.*** (quoting Rule 55.08).

The affirmative defenses listed in Rule 55.08 generally are waived if not timely and properly raised. ***Id.*** at 501 n.4.[4] "A trial court errs as a matter of law when it grants summary judgment on the basis of an affirmative defense that was not properly pleaded." ***Morelock v. Intercontinental Hotels Grp. Res., LLC.***, 644 S.W.3d 843, 850 (Mo.App. S.D. 2021).

## Discussion

The crux of the disagreement below, and now on appeal, is when Mrs. Whitlow's alleged damages were capable of ascertainment so as to accrue a cause of action. We do not reach that issue because Respondents did not properly plead a statute of limitations affirmative defense.

Respondents' answer to Mrs. Whitlow's second amended petition included a section of purported affirmative defenses. While they vaguely mention estoppel and res judicata, nowhere do they use the words "statute of limitations" or words to that effect, cite the applicable statute, or provide a short and plain statement of facts showing that they are entitled to a statute of limitations defense. They pleaded that the title to the Farm had been established for more than 25 years, but this averment falls short of Rule 55.08's requirements in that it does not put the court or the

---

[4] This principle is subject to a caveat: "Rule 55.03 allows a defendant who fails to raise its affirmative defense in a responsive pleading to seek leave of the court to amend the pleadings." ***Robinson v. State Dep't of Econ. Dev.***, 469 S.W.3d 866, 870 (Mo.App. W.D. 2015), *as modified* (Sept. 29, 2015). "The circuit court is vested with broad discretion to grant or deny leave to amend the pleadings." ***Id.***

4

opposing party on notice of a statute of limitations affirmative defense, much less set forth facts showing Respondents are entitled to that defense. Missouri appellate courts have found that defendants who conclusorily pleaded that the claims against them were barred by the statute of limitations, which is more than Respondents did here, have not satisfied their obligation to timely and properly plead a statute of limitations affirmative defense. *Id.* at 850-51; *Robinson*, 469 S.W.3d at 869-70.

Respondents did adequately raise and brief their statute of limitations affirmative defense in their motion for summary judgment and memorandum in support. However, detailed pleading of facts to support an affirmative defense in summary judgment pleadings does not substitute for or cure the failure to properly plead the defense in an answer as required by Rule 55.08. *Robinson*, 469 S.W.3d at 869. A statute of limitations affirmative defense must be set forth in the answer. *Id.*

## Conclusion

The narrow issue presented for our review is the propriety of summary judgment. Respondents failed to plead a statute of limitations affirmative defense in their answer as required by Rule 55.08. Because this affirmative defense was not raised in their answer, Respondents were not entitled to judgment as a matter of law on that basis no matter how well they pleaded and supported their motion for summary judgment. The trial court erred in granting summary judgment. We vacate the judgment in favor of Respondents on Mrs. Whitlow's unjust enrichment claim and remand the case for further proceedings.[5]

---

[5] In general, an issue or claim of error must be presented to the trial court to be preserved for appeal. *Brown v. Brown*, 423 S.W.3d 784, 787-88, n.5 (Mo. banc 2014). The purpose of this requirement is to allow the "trial court to rule intelligently and to avoid 'the delay, expense, and hardship of an appeal.'" *Id.* at 787 (quoting *Pollard v. Whitener*, 965 S.W.2d 281, 288 (Mo.App. W.D. 1998)). It appears Respondents' pleading deficiency went unnoticed by the parties and the

5

trial court. Had this judgment been entered after a trial on the merits, the standard of review on appeal would be different and the outcome of this appeal could very well be different. De novo review of a summary judgment compels us to reverse when a prevailing party is not entitled to judgment as a matter of law, even if the reason why it is not appropriate was overlooked by the trial court and the parties.